The opinion of the Court was delivered by
Bay, J.
The important and long contested point of the constitutionality of the road laws, and the powers of the commissioners, are not called in question in this case, for the plaintiff’s counsel conceded that point, *at the commencement of his argument, as one that had been settled and at rest, (a) But he contended that the Fairfield board of commissioners had never made any order for opening the road in question.
It is only necessary, therefore, for us to consider whether this order was made or not. In support of the affiniiative of this proposition, it appeared from the paper produced by the plaintiff’s counsel himself, (which was an extract from the proceedings of the board,) that at a meeting- of the board on the 10th of August, 1808, “James F. Muse, one of the commissioners, informed the board that he had called on two other commissioners to join him for the purpose of making an alteration on the road leading from, 1 Winnsborough to Camden,’ agreeably to the resolution of the board, on the 14th May precedingwho reported to the board that such a road ought to be opened and made. From this it is very manifest, from the plaintiff’s own showing, that the board had made an order on the 14th May, 1808, for opening this road. But it is said that this order or resolution of the board was not entered on the records or minutes of their proceedings, and therefore there is no legal evideuce of its existence. To this it has been replied, (and I think justly,) that as the law which gives the power to the majority of the commissioners of every district, parish and county in the State, has prescribed no particular forms or modes by which these powers of the board of commissioners should be carried into execution, it is left discretionary with them, tu adopt their own manner and forms of carrying their powers into execution. Without premising to dictate to the different boards of commissioners, it appears to me to be advisable that they should enter all their orders and resolutions regularly on their minutes, or record of their proceedings, and that transcripts or copies of all those orders and resolutions should be signed by. the chairman or president of the board, and countersigned by the secretary, before they are handed to those persons -who are employed to carry these orders and resolutions* into execution; but in giving this directory recommendation to the commissioners, I do not mean to say that their proceedings are void without them. I only mean to be understood that it would be their best general rule, especially as so large a portion of the community are always ready and willing to object to their proceedings. In the case under consideration, however, I think enough has been proved to show that the board really and truly made the order for laying off the road in question ; for, in addition to the paper produced by the plaintiff himself, the evidence of Mr. Buchanan, a member of the board, (and who acted as secretary,) proved that there was a special order of the board for opening this road, although no formal entry of it had been entered on the minutes of the board.
The presiding Judge (Smith) directed the jury, that if they thought, from the whole of the testimony, that this road was laid off by order of *5 the commissioners, they ought to find for the defendant; and they did think so, and found accordingly. From the best view I am able to take of this ease, I am of opinion that the direction of the Judge, and the finding of the jury were correct and proper; and it would have been the hardest case imaginable, to have made Mr. Whitaker,1 an innocent individual, who acted under the board of commissioners, liable for their misconduct, if any such had been committed. On the contrary, however, it appears to me, he had only done what was committed to his care, and that he had fulfilled his public trust faithfully.
Clarke, for the motion. Evans, contra.
I am therefore against a new trial.
Grimice, Colcock and Johnson, concurred.

 Robert Lindsay vs. The Commissioners, 2 Bay, 38. Withers vs. Commissioners, [3 Brev. 83.]—State vs. Singleton, [MSS. specially cited in note, 2 vol. 528.] M’Gowen vs. Stark, post, 397.
[Also, 3 Hill, 101; Rice, 383; 5 Rich. 599.]
Same as sheriff under irregular process, post, 236. 2 vol. 212.